No. 2352
Second Circuit

J. M. WADE v. TRUMAN HENRY

(December 1, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Evidence—Par. 58, 59.

In a suit on a promissory note where the defense is a special agreement alleged between defendant and plaintiff before the maturity of the note, the burden of proof is on the defendant to prove his special defense.

2. Louisiana Digest—Evidence—Par. 60.

Where the evidence of plaintiff and defendant balance and the burden of proof is on the defendant the decision must be with the plaintiff.

Appeal from Third Judicial District Court of Louisiana, Parish of Lincoln, Hon. S. D. Pearce, Judge.

This is a suit on a promissory note for face value, interest and attorney's fees. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. B. Roberts, of Ruston, attorney for plaintiff, appellee.

Dhu Thompson, of Ruston, attorney for defendant, appellant.

REYNOLDS, J. This is a suit on a promissory note for $135.00 dated December 28, 1923, signed by defendant, payable to the order of plaintiff or bearer on December 1, 1924, bearing 8% interest from its maturity and stipulating payment of 10% attorney's fees if collected by judicial process, given by defendant to plaintiff to represent the price of a mule sold him, and secured by a mortgage on the animal. Plaintiff also asks for recognition and enforcement of his mortgage.

The defense is that before the maturity of the note it was agreed between plaintiff and defendant that defendant should return the mule to plaintiff and at some future date pay him $20.00 in satisfaction of the note and that plaintiff would file the note with the clerk of the district court and ex-officio recorder of Lincoln parish and have the mortgage securing its payment cancelled; that pursuant to such agreement defendant did return the mule to plaintiff and afterwards offered to pay plaintiff the $20.00 but that plaintiff refused to accept it and cancel the mortgage.

The defense is a special defense and the burden of proof was on defendant.

The question to be decided is one of fact.

Defendant swears positively that it was agreed between him and plaintiff that he should return the mule to plaintiff and pay plaintiff $20.00 as rent for the use of the mule while he had him.

Plaintiff swears equally positively that there was no such agreement.

Defendant swears that he returned the mule to plaintiff, and the plaintiff denies that he did.

Plaintiff was asked (transcript, page 15):

"Q. Mr. Wade, you are not answering my question. Didn't Mr. Henry carry this mule down and put him in your lot?
"A. He didn't.
"Q. You deny that Mr. Truman Henry carried this mule down and put him in your lot?
"A. Yes, sir."

The evidence of the plaintiff balances that of the defendant and as the burden of proof was on defendant to make out his defense by a preponderance of evidence his defense fails.

The district judge who tried the case heard the witnesses and doubtless knew them and he rendered judgment in favor of the plaintiff, in effect holding that the mule still belonged to defendant and that defendant still owed plaintiff the amount of the note sued on.

Under the evidence we think his decision is correct, and it is accordingly affirmed.